UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY T., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case # 1:20-CV-815-DB |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § MEMORANDUM DECISION |
| | § AND ORDER |
| Defendant. | § |

## INTRODUCTION

Plaintiff Anthony T. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 16).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 11, 13. Plaintiff also filed a reply. *See* ECF No. 14. For the reasons set forth below, the Commissioner's motion (ECF No. 13) is **DENIED**, and Plaintiff's motion (ECF No. 11) is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

On March 30, 2017, Plaintiff protectively filed his SSI application, alleging disability beginning March 20, 2017 (the disability onset date), due to post traumatic stress disorder ("PTSD"), severe depression, sleep apnea, knee surgeries, hypertension, gastroesophageal reflux disease ("GERD"), left shoulder replacement, high blood pressure, and asthma. Transcript ("Tr.")

83-84, 95, 255-60. Plaintiff's claim was denied initially on July 17, 2017 (Tr. 165-76), after which he requested an administrative hearing (Tr. 180-96). On April 18, 2019, Administrative Law Judge Collin Delaney (the "ALJ") conducted a video hearing from Falls Church, Virginia. Tr. 15, 56-82. Plaintiff appeared and testified from Buffalo, New York, and was represented by Nicholas DiVirgilio, an attorney. Tr. 15. William T. Cody, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id.*

The ALJ issued an unfavorable decision on May 7, 2019, finding that Plaintiff was not disabled. Tr. 15-23. Plaintiff appealed, and on May 16, 2019, submitted additional evidence to the Appeals Council for consideration. Tr. 28-55. On April 30, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's May 7, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.     The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his May 7, 2019 decision:

1. The claimant has not engaged in substantial gainful activity since March 30, 2017, the application date (20 CFR 416.971 *et seq.*);

2. The claimant has the following severe impairments: bilateral knee arthritis, left shoulder arthritis, polysubstance abuse disorder (20 CFR 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416. 967(a)[1] except he: can occasionally climb ramps/stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can tolerate occasional concentrated exposure to workplace hazards; can occasionally reach overhead with the non-dominant left upper extremity; can tolerate occasional concentrated exposure to respiratory irritants such as dusts, fumes, and gases; is limited to the performance of short, simple, and repetitive tasks; is limited to only occasional contact with the general public and frequent contact with co-workers and supervisors; requires a cane for ambulation; will be off task up to, but not exceeding, 15% of the work day; and will have up to one unscheduled absence per month;

5. The claimant has no past relevant work (20 CFR 416.965);

6. The claimant was born on October 22, 1971 and was 45 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963);

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964);

---

[1] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968);

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a);

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 30, 2017, the date the application was filed (20 CFR 416.920(g)).

Tr. 15-23.

Accordingly, the ALJ determined that, based on the application for supplemental security benefits filed on March 30, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 23.

## **ANALYSIS**

Plaintiff asserts two points of error. *See* ECF No. 11-1 at 17-24. Plaintiff first argues that, because the ALJ found none of the medical opinion evidence persuasive, he impermissibly relied on his own lay interpretation to develop the RFC finding. *See id*. at 17-22. Next, Plaintiff argues that the ALJ failed to adequately develop the record with respect to the causal link between Plaintiff's depression and anxiety and his polysubstance abuse. *See id*. at 22-24. Accordingly, Plaintiff argues, the ALJ failed to support his determination with substantial evidence. *See id*. at 17-22.

The Commissioner argues in response that: the ALJ reasonably assessed Plaintiff's RFC based on the record as a whole; and the ALJ appropriately assessed Plaintiff's anxiety and depression and explained that the evidence was unclear as to whether Plaintiff's anxiety and depression were separate impairments from his substance abuse. *See* ECF No. 13-1 at 18-20.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court is unclear how the ALJ developed the specific non-exertional and mental limitations that were included in the RFC finding—namely that Plaintiff would be off task up to, but not exceeding, 15% of the workday and would have up to one unscheduled absence per month—when no medical opinion or other evidence from the record appears to support those specific limitations. Tr. 18. Furthermore, the Court was unable to "look to other portions of the ALJ's decision and to clearly credible evidence" to determine whether the RFC was supported by substantial evidence. *Starr v. Saul*, 2019 WL 3997318, at *3 (W.D.N.Y. Aug. 23, 2019) (internal citations and quotations omitted); *see also Scott v. Comm'r of Soc. Sec.*, No. 19-CV-00959, 2020 WL 6205693, at *1 (W.D.N.Y. Oct. 22, 2020) ("When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported her findings, the decision leaves the court with unanswered questions and does not afford an adequate basis for meaningful judicial review.") (internal citation omitted). Here, there is simply no discussion of how the ALJ arrived at the 15% off-task limitation. Accordingly, the ALJ failed to provide analysis connecting the record evidence to the RFC.

Cases in this Circuit, as well as from this district (albeit not precedent) are clear that the ALJ must demonstrate how an off-task limitation was reached. A very specific RFC assessment—such as the specific amount of time a claimant can spend on certain activities—must be based on evidence in the record, not on "the ALJ's own surmise." *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the

claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday"); *see also Brianna E. v. Comm'r of Soc. Sec.*, No. 20-CV-00156-FPG, 2021 WL 2182716, at *3 (W.D.N.Y. May 28, 2021); *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka*, 576 F. App'x at 46 ("Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'").

In this case, there was no medical evidence suggesting that Plaintiff would be off task up to 15% of the workday, and the ALJ provided no explanation to tether this limitation to the opinion evidence or to any statements from Plaintiff. Without "some explanation" from the ALJ "as to the tether between [the] RFC and the non-stale medical opinions or statements from [the claimant], the RFC [is] based upon [the ALJ's] lay analysis of [the claimant's] limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *see Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10 (W.D.N.Y. Dec. 17, 2019). There must be some identifiable rationale for the conclusion. The ALJ should explain why he came up with his conclusion. Accordingly, the Court finds that remand is warranted on this point.

Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's second point of error (that the ALJ failed to adequately develop the record with respect to the causal link between Plaintiff's mental impairments and his polysubstance abuse). *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1,

2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_/s/ Don D. Bush_
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE